IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| FAYE THOMAS, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
|     v. | ) | 2:21cv304-MHT |
| | ) | (WO) |
| SCOTT BELL and SONNY | ) | |
| FARMS, INC., | ) | |
| | ) | |
|     Defendants. | ) | |

ORDER

The allegations of the notice of removal are insufficient to invoke this court's removal jurisdiction under 28 U.S.C. §§ 1332 (diversity of citizenship), 1441 (removal). To invoke removal jurisdiction based on diversity, the notice of removal must distinctly and affirmatively allege each party's citizenship. See McGovern v. American Airlines, Inc., 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam). The allegations must show that the citizenship of each plaintiff is different from that of each defendant. See 28 U.S.C. § 1332.

The removal notice is insufficient because it does not properly indicate the citizenship of corporate defendant Sonny Farms, Inc. The notice must allege the citizenship of both the State of incorporation and where the corporation has its principal place of business. See 28 U.S.C. § 1332(c)(1); American Motorists Ins. Co. v. American Employers' Ins. Co., 600 F.2d 15, 16 and n.1 (5th Cir. 1979) (per curiam). The notice of removal does not allege the State of incorporation.

***

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the defendants have until July 8, 2021 to amend the notice of removal to allege jurisdiction sufficiently, see 28 U.S.C. § 1653; otherwise this lawsuit shall be remanded to State court.

DONE, this the 1st day of July, 2021.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**